## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DUBERNEY MORA**                                         **CIVIL ACTION**

**versus**                                                         **NO. 13-6551**

**TIMOTHY KEITH, WARDEN**                       **SECTION: "E" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Duberney Mora, is a state prisoner incarcerated at the Winn Correctional Center, Winnfield, Louisiana.  On May 9, 2001, he pleaded guilty under Louisiana law to attempted

possession with intent to distribute heroin.[1]  On June 15, 2001, he was sentenced to a term of fifty

years imprisonment without benefit of parole, probation, or suspension of sentence.[2]

On or about July 22, 2011, petitioner filed a motion to correct illegal sentence with

the state district court.[3]  That motion was denied on September 15, 2011.[4]

On or about March 7, 2012, petitioner filed a motion for reconsideration with the

state district court.[5]  That motion was denied on March 23, 2012.[6]

On or after October 25, 2012, petitioner filed a motion to correct illegal sentence with

the state district court.[7]  That motion was denied on January 8, 2013.[8]  His related writ applications

---

[1] State Rec., Vol. I of III, transcript of May 9, 2001; State Rec., Vol. I of III, minute entry dated May 9, 2001; State Rec., Vol. I of III, guilty plea form.

[2] State Rec., Vol. I of III, minute entry dated June 15, 2001.

[3] State Rec., Vol. I of III.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.  In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by more than a decade.

[4] State Rec., Vol. I of III, Order dated September 15, 2001.

[5] State Rec., Vol. I of III.

[6] State Rec., Vol. I of III, Order dated March 23, 2012.

[7] State Rec., Vol. I of III.

[8] State Rec., Vol. I of III, Order dated January 8, 2013.

were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on April 4, 2013,[9] and by the Louisiana Supreme Court on October 11, 2013,[10] and November 8, 2013.[11]

On or after October 31, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief.[12]  The state argues that the federal application is untimely.[13]  The state is correct.[14]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[15]  On that point, the United States Fifth Circuit Court of Appeals has explained:

---

[9]  State v. Mora, No. 13-KH-122 c/w 13-KH-138 (La. App. 5th Cir. Apr. 4, 2013); State Rec., Vol. III of III.

[10]  State *ex rel.* Mora v. State, 123 So.3d 1219 (La. 2013) (No. 2013-KH-0936); State Rec., Vol. III of III.

[11]  State *ex rel.* Mora v. State, 125 So.3d 1343 (La. 2013) (No. 2013-KH-1343); State Rec., Vol. III of III.

[12]  Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his federal application on October 31, 2013; therefore, the application could not have been placed in the prison mailing system any earlier than that date.

[13]  Rec. Doc. 11.

[14]  Because the federal application is clearly untimely, the undersigned need not, and does not, address the state's alternative arguments.

[15]  Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner was sentenced on June 15, 2001. Because he did not file a direct appeal within the five days allowed by state law, his state criminal judgment became final no later than June 22, 2001.[16] Accordingly, the period that he had in which to file his federal application for

---

[16] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction and sentence in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2001, June 16 was a Saturday and June 17 was a Sunday; therefore, the Court will not count those two days against petitioner when calculating the date his conviction became final.

*habeas corpus* relief commenced on that date and expired one year later on June 24, 2002,[17] unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[18]

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's

---

[17]   Because June 22, 2002, fell on a Saturday, the federal limitations period was extended through the following Monday, June 24, 2002. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[18]   The Court notes that petitioner began seeking post-conviction relief in 2011.  However, because all of those applications were filed *after* the expiration of the federal statute of limitations, they had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  Butler, 533 F.3d at 318.

statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  In the instant case, however, petitioner does not argue that he is actually innocent of the crime of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed on or before June 24, 2002, in order to be timely.  His federal application was not filed until on or after October 31, 2013, and, therefore, it is clearly untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Duberney Mora be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this twenty-fourth day of February, 2014.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.